UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JULIANY ZARZUELA,

    Plaintiff,

vs.                    CASE NO.: 8:09-CV-02557-T-26AEP

CITY OF TAMPA and
OFFICER ANTONIO ORTEGA,
Individually,

    Defendants.
_____/

SECOND AMENDED COMPLAINT
AND DEMAND FOR A JURY TRIAL
(CORRECTING PARAGRAPH NUMBERING ONLY)

    The Plaintiff, JULIANY ZARZUELA, by and through his undersigned attorney, sues the Defendants, CITY OF TAMPA and OFFICER ANTONIO ORTEGA, individually, and alleges:

INTRODUCTORY STATEMENT

    1.  This is an action for damages sustained by a citizen of the United States against the CITY OF TAMPA and police officer ANTONIO ORTEGA, who Plaintiff contends unlawfully assaulted and battered the Plaintiff, JULIANY ZARZUELA, with excessive and unreasonable force without justification, and in violation of the protections guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution and his civil rights under Florida law. Plaintiff further contends that these violations resulted

1

from the policies, practices, and customs of the CITY OF TAMPA.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and the laws of the State of Florida.

3.   The jurisdiction of this Court is predicated on 28 U.S.C. § 1331, § 1342(a)(3), § 1343 and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).   The state counts arise from a common nucleus of operative facts, and thus are appropriately filed herein.

4.   Venue is placed in the United States District Court for the Middle District of Florida because it is where all parties reside and where the events complained of occur.

5.   All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution, including those set forth in Florida Statutes, § 768.28.

## PARTIES

6.   At all times material hereto, the Plaintiff, JULIANY ZARZUELA, was and is a Hispanic resident of

Hillsborough County, Florida, and the Middle District of Florida, who speaks Spanish and knows very little English.

7.   At all times material hereto the Defendant, CITY OF TAMPA, is a political subdivision of the State of Florida, a municipal corporation, and at all times material hereto, it employed Defendant, OFFICER ANTONIO ORTEGA, in the Police Department.

8.   At all times mentioned in this Amended Complaint, the Defendant, OFFICER ANTONIO ORTEGA, was acting as a police officer within the course and scope of his employment with the City of Tampa.

9.   Officer Ortega was acting under color of law of the ordinances of the City of Tampa, Florida Statutes, Federal law, and the City of Tampa and its police department's regulations, policies, de facto policies, customs, and usages.

<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

10.   That on December 24, 2005, at approximately 10:00 p.m. in the vicinity of Giddens Avenue and Gomes Avenue, in the City of Tampa, Hillsborough County, Florida, the Plaintiff, JULIANY ZARZUELA, was seized by the Defendant, OFFICER ANTONIO ORTEGA.

11.   At said time and place, the Plaintiff was at a Christmas Eve party he was invited to, and had went outside

for fresh air, on foot, with an alcoholic beverage in his hand.

12.   Whether the Plaintiff was located on private or public property at the time of the seizure by OFFICER ANTONIO ORTEGA is a question of fact.

13.   The Defendant, OFFICER ANTONIO ORTEGA, attempted to stop the Plaintiff for allegedly having an open container in public, which allegedly appeared to the officer to be a can of beer.

14.   The officer spoke to the Plaintiff in English, while the Plaintiff's conversational language is Spanish.

15.   The Plaintiff did not act belligerently toward OFFICER ANTONIO ORTEGA.

16.   The Plaintiff did not yell at OFFICER ANTONIO ORTEGA.

17.   The Plaintiff did not curse at OFFICER ANTONIO ORTEGA.

18.   The Plaintiff was not armed with any weapon.

19.   The Plaintiff did not threaten OFFICER ANTONIO ORTEGA.

20.   The Plaintiff did not advance on OFFICER ANTONIO ORTEGA.

21.   The Plaintiff did not actively resist any arrest by OFFICER ANTONIO ORTEGA.

22.   The Defendant, OFFICER ANTONIO ORTEGA, gave commands to the Plaintiff in English, which the Plaintiff did not understand due to his language barrier.

23.   As a result of the Plaintiff's failure to comply with the Defendant, OFFICER ANTONIO ORTEGA'S, commands, the Defendant, OFFICER ANTONIO ORTEGA, utilized his taser gun with the taser prongs striking the back of the Plaintiff's head and back.

24.   The Defendant, OFFICER ANTONIO ORTEGA, deployed the taser gun and initiated a five second electrical jolt.

25.   At said time and place, the Plaintiff fell to the ground, face first, on the concrete.

26.   While the Plaintiff was on the ground, face first, defenseless, and passive, the Defendant, OFFICER ANTONIO ORTEGA, deployed the taser gun a second time initiating another five second jolt to the Plaintiff.

27.   While the Plaintiff was on the ground face down, defenseless, and passive, the Defendant, OFFICER ANTONIO ORTEGA, struck the Plaintiff with a closed fist, causing additional injury to the Plaintiff.

28.   The use of physical force and multiple uses of physical force batteries by OFFICER ANTONIO ORTEGA on Plaintiff, JULIANY ZARZUELA, was not objectively reasonable

5

in light of the totality of circumstances confronting the officer.

29. OFFICER ANTONIO ORTEGA used excessive unconstitutional force and punishment, unreasonable under the totality of the circumstances, by applying physical punishment and injury as a sentence when pursuing a civil ordinance charge of an open container in public, which is not a constitutional punishment under the ordinance and was done without Plaintiff having the benefit of a trial by a judge or a jury.

30. As a proximate result that the totality of circumstances of the police observance involved a non-violent ordinance violation of an open container in public and an unarmed passive citizen, at best physical touching by handcuffing was the only objectively reasonable force.

31. The Plaintiff was arrested and transported to the Hillsborough County Jail, who did not accept the Plaintiff without medical clearance due to the obvious injuries proximately caused the Plaintiff by OFFICER ANTONIO ORTEGA's batteries upon him.

32. The Plaintiff's mental condition was adversely affected by both the taser shocks and the physical strike to his head from OFFICER ANTONIO ORTEGA such that he was found mentally incompetent to stand trial for the

6

prosecution of the arrested offenses as charged by OFFICER ANTONIO ORTEGA arising out of the above-mentioned events.

33.    Thereafter, the charges against the Plaintiff were ultimately dismissed.

<u>COUNT I</u>

**EXCESSIVE FORCE SEIZURE VIOLATING THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUION AND 42 U.S.C. § 1983, POLICY, CUSTOM, OR USAGE AGAINST CITY OF TAMPA**

34.    The Plaintiff realleges paragraphs 1 through 33 and incorporates same herein by reference.

35.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the governmental entity defendant, CITY OF TAMPA, with deliberate indifference and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

a)    Subjecting people to unreasonable uses of force against their persons;

b)    Selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

7

c) Failing to adequately train, supervise, and control employees in the dangers of repeated taser shocks, including, without limitation, the use of potentially lethal tactics, including multiple taser shocks followed by restraint, for the taking into custody of persons such as the Plaintiff who are perhaps intoxicated or speak another language other than English, but not otherwise engaged in criminal activity, and who may have pre-existing medical conditions, which make such tactics unreasonably dangerous;

d) Failing to adequately discipline officers involved in misconduct;

e) Condoning and encouraging officers in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f) Failing to adequately train, supervise, and make employees aware of the dangers of the lethal combination of repeated taser shocks, including taser shocks to the head area;

g) Failing to adequately train, supervise, and make employees aware of equipment or tactics used by other local law enforcement agencies to prevent injuries to persons.

36. Plaintiff is informed and believes, and on the

8

basis of such information and belief, alleges, that the entity Defendant, CITY OF TAMPA, ordered, authorized, acquiesced, permitted or maintained custom and usage permitting the Defendant officer herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph.

37.   Defendant, CITY OF TAMPA's conduct, as alleged herein, constitutes a pattern of constitutional violations based either on a deliberate plan by Defendant, CITY OF TAMPA, or on Defendant, CITY OF TAMPA's deliberate indifference or reckless disregard to the safety, security and rights of Plaintiff.

38.   The Defendant, OFFICER ANTONIO ORTEGA, as a proximate result of such policy or custom of the Defendant, CITY OF TAMPA, as alleged above, violated Plaintiff's civil rights by brutalizing and inflicting severe bodily injury under the color of law with unreasonable force which was grossly disproportionate in relation to any need for action.

39.   As a direct and proximate result of the above-mentioned unconstitutional acts of the Defendant, OFFICER ANTONIO ORTEGA, while an agent, servant or employee of the Defendant, CITY OF TAMPA, as alleged above, the Plaintiff

sustained severe physical injury, causing humiliation, emotional distress, pain and suffering, lost wages and loss of wage earning capacity, has incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses, and lost wages in the future.

WHEREFORE, the Plaintiff, JULIAY ZARZUELA, prayerfully requests that this Honorable Court grant the following relief against the Defendant, CITY OF TAMPA:

a)  Award of compensatory damages;

b)  Award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

c)  Award such other and further relief as this Honorable Court deems just.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby demands trial by jury on all issues so triable.

## <u>COUNT II</u>

## 42 U.S.C. § 1983 FAILURE TO PROPERLY TRAIN STAFF (CITY OF TAMPA)

40.  The Plaintiff realleges paragraphs 1 through 33 and incorporates same herein by reference.

41.  This cause of action is brought by the Plaintiff against the Defendant, CITY OF TAMPA, for deprivation by its agents, servants and employees, namely the Defendant,

OFFICER ANTONIO ORTEGA, of constitutional rights within the meaning of 42 USC 1983.

42.   The Defendant, OFFICER ANTONIO ORTEGA, was acting under the color of law, in the course and scope of his employment as an authorized agent of Defendant, CITY OF TAMPA, while arresting tasering, and striking the Plaintiff in the furtherance of his duties.

43. The constitutional deprivation was proximately caused by the Defendant, CITY OF TAMPA's, numerous areas of deliberate indifference including but not limited to the following:

a)   By failing to properly train its officers in the proper use of the taser weapon;

b)   By failing to properly supervise its officers in the proper use of the taser weapon;

c)   By failing to have clear policies regarding the proper use of the taser weapon;

d)   By failing to properly discipline officers who fail to properly utilize the taser weapon;

e)   By providing taser weapons to officers even though the Defendant, CITY OF TAMPA, has knowledge of the damages of said taser weapon, without proper supervision and training.

44.   The above-described actions of the Defendant, CITY OF TAMPA, deprived the Plaintiff of rights and privileges under the Fourth and Fourteenth Amendments to the United States Constitution.

45.   The Defendant, OFFICER ANTONIO ORTEGA, as a proximate result of such improper training as alleged above, violated Plaintiff's civil rights by brutalizing and inflicting severe bodily injury under the color of law with unreasonable force which was grossly disproportionate in relation to the need for action.

46.   As a direct and proximate result of the above-mentioned unconstitutional acts of the Defendant, OFFICER ANTONIO ORTEGA, while an agent, servant or employee of the Defendant, CITY OF TAMPA, and being improperly trained by said agency as alleged above, the Plaintiff sustained severe physical injury, causing humiliation, emotional distress, pain and suffering, lost wages and loss of wage earning capacity, has incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses, and lost wages in the future.

WHEREFORE, the Plaintiff, JULIAY ZARZUELA, prayerfully requests that this Honorable Court grant the following relief against the Defendant, CITY OF TAMPA:

a)  Award of compensatory damages;

b)     Award  of  reasonable  attorney's  fees  and  costs
pursuant to 42 U.S.C. § 1988; and

c)     Award  such  other  and  further  relief  as  this
Honorable Court deems just.

<u>DEMAND FOR JURY TRIAL</u>

The  Plaintiff  hereby  demands  trial  by  jury  on  all
issues so triable.

### COUNT III

### 42 U.S.C. § 1983 FOURTH AMENDMENT CIVIL RIGHTS VIOLATION
### VIA EXCESSIVE FORCE
### (OFFICER ANTONIO ORTEGA)

47.    The  Plaintiff  realleges  paragraphs  1  through  33
and incorporates same herein by reference.

48.    This  cause  of  action  is  brought  by  the  Plaintiff
against  the  Defendant,  OFFICER  ANTONIO  ORTEGA,  for  his
willful,  wanton  and  malicious  use  of  excessive  force  under
color   of   law   that   deprived   the   Plaintiff   of
constitutionally  protected  rights  under  the  Fourth  and
Fourteenth Amendments of the United States Constitution.

49.    The  Defendant,  OFFICER  ANTONIO  ORTEGA,  violated
Title 42 U.S.C. § 1983 by inflicting severe injury upon the
Plaintiff,   when   seizing   him,   that   was   grossly
disproportionate  to  the  force  necessary  to  arrest  the
Plaintiff,  in  violation  of  his  rights  under  the  Fourth

Amendment to the United States Constitution, including the right to be secure in his person and free from the use of unreasonable force.

50.   The Defendant, OFFICER ANTONIO ORTEGA, while acting in the course and scope of his employment in his capacity as a police officer for the Defendant, CITY OF TAMPA, and under color of law, did willfully, maliciously and intentionally use excessive and unreasonable force to arrest the Plaintiff, without probable cause to believe that the Plaintiff possessed a threat of serious physical harm to himself or others, where the crime at issue was incredibly minor (an ordinance violation), and where the Plaintiff did not actively resist arrest.

51.   The Plaintiff was not engaged in any conduct that would necessitate, warrant, or objectively justify the use of the level of force as exercised by Defendant, OFFICER ANTONIO ORTEGA.

52.   The facts therefore show that it is sufficiently clear that an objectively reasonable officer would have understood that said actions of OFFICER ANTONIO ORTEGA violated the Plaintiff's Constitutional rights as cited above.

53.   As a proximate result of the foregoing, Plaintiff sustained severe physical injury, causing humiliation,

14

emotional distress, pain and suffering, lost wages and loss of wage earning capacity, has incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses, and lost wages in the future, and suffered a deprivation of his rights as stated herein.

54.    The malicious, intentional, willful and wanton acts of the Defendant, OFFICER ANTONIO ORTEGA, establish a claim for punitive damages by the Plaintiff against the Defendant, OFFICER ANTONIO ORTEGA.

WHEREFORE, the Plaintiff requests that this Honorable Court grant the following relief against the Defendant, OFFICER ANTONIO ORTEGA:

a)    Award compensatory damages;

b)    Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

c)    Award punitive damages;

d)    Award such other and further relief as this Honorable Court deems just;

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby demands trial by jury on all issues so triable.

**<u>COUNT IV</u>**

**STATE LAW CLAIM OF BATTERY/UNNECESSARY FORCE
AS TO CITY OF TAMPA**

15

55.  The Plaintiff realleges paragraphs 1 through 33 and incorporates same herein by reference.

56.  The Defendant, CITY OF TAMPA, by and through its employee, OFFICER ANTONIO ORTEGA, intentionally caused bodily harm to the Plaintiff by using excessive force upon the Plaintiff by striking the Plaintiff's head and back with the taser on two (2) separate occasions and striking the Plaintiff with a closed fist while Plaintiff was already on the ground.

57.  The actions of the Defendant, OFFICER ANTONIO ORTEGA, as mentioned above, were conducted during the course and scope of said employment with Defendant, CITY OF TAMPA.

58.  The aforementioned battery was accomplished without the consent and against the will of the Plaintiff.

59.  The Defendant, CITY OF TAMPA, due to its policies as mentioned above, is liable for the tortuous acts of its employee that were committed within the scope and furtherance of said employment.

60.  As a direct and proximate consequence of the acts of the Defendant, CITY OF TAMPA, through its employee, OFFICER ANTONIO ORTEGA, the Plaintiff sustained severe physical injury, humiliation, emotional distress, pain and suffering, loss of wages and loss of wage earning capacity,

incurred substantial medical and other out of pocket expenses and will continue to incur medical expenses and lost wages in the future.

WHEREFORE, the Plaintiff requests that this Honorable Court grant the following relief against the Defendant, CITY OF TAMPA:

a)    Award compensatory damages;

b)    Award court costs;

c)    Award such other and further relief as this Honorable Court deems just.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby demands trial by jury on all issues so triable.

## **<u>COUNT V</u>**
### **(BATTERY/UNNECESSARY FORCE AS TO OFFICER ANTONIO ORTEGA)**

61.    The Plaintiff realleges paragraphs 1 through 33 and incorporates same herein by reference.

62.    Alternative to the allegations as set forth in Count IV, if the battery/unnecessary use of force committed by Defendant, OFFICER ANTONIO ORTEGA, was not committed by said Defendant during the course and scope of his employment with Defendant, CITY OF TAMPA, or was committed by Defendant, OFFICER ANTONIO ORTEGA, in bad faith or with malicious purpose or in a manner exhibiting wanton and

willful disregard of human rights, safety, and property, the battery/unnecessary use of force was committed by Defendant, OFFICER ANTONIO ORTEGA in his individual capacity.

63.   As a direct and proximate consequence of the acts of the Defendant, OFFICER ANTONIO ORTEGA, the Plaintiff sustained severe physical injury, humiliation, emotional distress, pain and suffering, loss of wages and loss of wage earning capacity, incurred substantial medical and other out of pocket expenses and will continue to incur medical expenses and lost wages in the future.

WHEREFORE, the Plaintiff requests that this Honorable Court grant the following relief against the Defendant, OFFICER ANTONIO ORTEGA:

a)   Award compensatory damages;

b)   Award court costs;

c)   Award such other and further relief as this Honorable Court deems just.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby demands trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished through the ECF electronic filing system and U.S.

Mail on this  22    day of   February   , 2010 to: John A.

Makholm, Esq., One Capitol Center, 696 – First Ave. N.,

Suite #205, St. Petersburg, FL 33701-3610, and Ursula D.

Richardson, Esq., 315 E. Kennedy Blvd., 5th Floor, Tampa, FL

33602.

/s/ Eduardo R. Latour, Esq.
Eduardo R. Latour, Esquire
LATOUR & ASSOCIATES, P.A.
135 East Lemon Street
Tarpon Springs, FL 34689
Phone: (727) 937-9577
Fax: (727) 937-3752
E-Mail Address:
Lawyers@Latourlawfirm.com
FBN: 0279994
Attorneys for Plaintiff