UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIANY ZARZUELA,

    Plaintiff,

v.                                                             CASE NO: 8:09-cv-2557-T-26AEP

CITY OF TAMPA and
OFFICER ANTONIO ORTEGA,

    Defendants.
                                              /

## O R D E R

Upon due consideration of the well-pleaded allegations of Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, it is ordered and adjudged that Defendant Ortega's Motion to Dismiss Plaintiff's Second Amended Complaint or, in the Alternative, Motion for a More Definite Statement (Dkt. 17) is denied.[1] In the Court's view, Plaintiff's detailed allegations of fact as they relate to the incident occurring on December 24, 2008, between Defendant Ortega and Plaintiff, which forms the basis for counts III and V of the complaint, are more than sufficient to raise a right to relief above the speculative level and to state plausible claims for relief for excessive force in violation of 42 U.S.C. § 1983 and for battery. See Sinaltrainal v. Coca Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and Bell Atlantic

---

    [1] In light of this disposition of the motion, the Court needs no response from Plaintiff.

Corp. v. Twombly, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007).  The Court also concludes that Plaintiff has more than satisfied the heightened pleading standard imposed on a plaintiff when claiming a civil rights violation against an individual defendant.  As in the most recent case of Edwards v. Fulton County, 2010 WL 346383 (11th Cir. Jan. 29, 2010) (unpublished), in which the Court cited to Twombly and Ashcroft, Plaintiff's complaint, consistent with the heightened pleading standard, contains a plausible claim for relief as opposed to an unadorned accusation that Defendant Ortega unlawfully harmed him.

The Court also rejects Defendant Ortega's argument regarding the pleading inconsistencies between counts III and V.  As Rule 8(d)(3) of the Federal Rules of Civil Procedure makes clear, "[a] party may state as many separate claims . . . as it has, regardless of *consistency*." (Emphasis added).  Finally, the Court does not find that Plaintiff's complaint is so "vague and ambiguous that [Defendant Ortega] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Defendant Ortega shall file his answer and defenses to Plaintiff's complaint within ten (10) days of the entry of this order.

**DONE AND ORDERED** at Tampa, Florida, on March 4, 2010.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record